Lanning M. Trueb, ABA #8911083
TRUEB BERNE & BEARD, LLP
330 L Street, Suite 101
Anchorage, AK 99501
Phone: (907) 277-0161
Fax: (907) 277-0164
Email: Ltrueb@tbmaritimegroup.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | | |
|---|---|---|
| NEIL MOORE and JACOB EAGER, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:25-cv-_____ |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CORDOVA | ) | COMPLAINT FOR GENERAL |
| | ) | MARITIME LAW NEGLIGENCE |
| Defendant. | ) | |
| | ) | |

**ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY
AND PREPAYMENT OF COSTS
(28 U.S.C. §1916)**

Plaintiffs Neil Moore and Jacob Eager, through counsel Trueb Berne & Beard LLP, for

their Complaint against Defendant alleges as follows:

**JURISDICTION, APPLICABLE LAW, AND VENUE**

1.      This is an action within the admiralty and maritime jurisdiction of this Court

brought at law and in admiralty, and as hereinafter more fully appears pursuant to the Savings to

Suitors Clause.

2.      Plaintiffs' claims against Defendant City of Cordova ("City") are brought

pursuant to the General Maritime Law.

Complaint of Neil Moore & Jacob Eager
*Moore et al v. City of Cordova*                                              Page 1 of 8

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

3.      Plaintiffs were at all relevant times seamen working on a vessel on the navigable waters of Prince William Sound, Alaska.

4.      Plaintiffs' claims arise from Defendant's negligence wherein the vessel on which they served, the COPPER STAR, was dropped from the City's Travel Lift ("the incident") on August 22, 2023, resulting in damage to the COPPER STAR.  Damage to the COPPER STAR resulted in Plaintiffs' lost wages and other special damages.

5.      Given the location of the incident, in waters adjacent to the City of Cordova, and the nature of Plaintiffs' maritime claims – wage loss and other special damages, both jurisdiction and venue are appropriate before this Court.

6.      Damages arising from maritime torts resulting in property damage are subject to the Doctrine of Laches – which looks to the concept of prejudice - which in turn looks to analogous State Law in which the tort occurred in determining if a claim is timely filed.  Per AS 9.10.070(a)(3), claims arising from damage to personal property are subject to a two-year statute of limitations.  Plaintiffs' claims are timely filed.

7.      While Plaintiffs submit their claims are maritime claims, in an abundance of caution, Plaintiffs also bring alternative claims against Defendant City of Cordova pursuant to Alaska State Law and 28 U.S.C. § 1367.  Given the location of the incident and the nature of the alternative claims, both jurisdiction and venue for the alternative claims are appropriate before this Court.  Under AS 09.10.070(a)(3), the alternative claims are timely filed.

**THE PARTIES**

8.      Plaintiffs hereby reallege and incorporate Paragraphs 1-7.

9.      Plaintiff Neil Moore is a resident of Cordova, Alaska. At all material times Plaintiff was employed to work aboard the F/V COPPER STAR.

Complaint of Neil Moore & Jacob Eager
*Moore et al v. City of Cordova*                                              Page 2 of 8

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

10.     Plaintiff Jacob Eager is a resident of Girdwood, Alaska. At all material times Plaintiff Eager was employed to work aboard the F/V COPPER STAR.

11.     Defendant City of Cordova ("hereinafter referred to as "City") is an incorporated city operating within the State of Alaska, and at all relevant times was the owner/operator of the City of Cordova Travel Lift and co-located Shipyard, and the employer of the individuals operating and maintaining the Travel Lift.

## FACTUAL ALLEGATIONS

12.     Plaintiffs hereby reallege and incorporate Paragraphs 1- 11.

13.     Prior to August 22, 2023, Plaintiff Moore was hired to work as a seaman aboard the F/V COPPER STAR at the rate of $650/day with an end of year completion bonus of another $25/day.  But for the incident, Plaintiff Moore's pay for the days he lost would have been $675/day.

14.     Prior to August 22, 2023, Plaintiff Eager was hired to work as a seaman aboard the F/V COPPER STAR at the rate of $250/day with an end of year completion bonus of another $25/day.  But for the incident, Plaintiff Eager's pay for the days he lost would have been $275/day.

15.     Prior to and on August 22, 2023, the F/V COPPER STAR was working under a tendering contract to tender salmon in Prince William Sound.  The tendering contract was to run through on or about September 29, 2023.

16.     In August 2023, the F/V COPPER STAR had a mechanical issue which, while not rendering the vessel unseaworthy or incapable of fulfilling its tendering contract, the owner of the vessel wished to repair.

17.     Timely repair required the vessel be pulled from the water.

Complaint of Neil Moore & Jacob Eager
*Moore et al v. City of Cordova*                                                          Page 3 of 8

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

18.     Arrangements were made with the City of Cordova to have the City pull the vessel from the water at and using the City's Travel Lift.

19.     To this end, on August 22, 2023, the vessel was positioned at the Travel Lift's docking/staging area and City employees rigged the Travel Lift's slings/straps for the lifting of the vessel out of the water.

20.     After City employees rigged the slings/straps for lifting, the Travel Lift's operator, also a City employee, started lifting the COPPER STAR out of the water using the Travel Lift's six winches.

21.     As the vessel was lifted, one of the winches – the one to the port bow sling/strap, started making a squealing noise.  Rather than stop lifting, the Lift operator kept the winches engaged.  Thereafter, the squealing winch stopped lifting.  When the winch stopped lifting, the brake system on the winch failed, allowing the winch's sling/strap to fall.  Fortunately, it only fell a short distance.

22.     After the winch stopped, City employees checked the sling/straps to determine if they were properly positioned.  They did not, however, check the port bow sling/strap winch.

23.     After the City employees checked to see if the sling/straps were properly positioned, the City Lift operator started to lift the COPPER STAR again.  When the COPPER STAR was well out of the water but not yet high enough to be driven by the Travel Lift into the City's accompanying shipyard, the winch and the winch brake to the port bow sling/strap again failed.  This time the bow of the COPPER STAR dropped considerably, which resulted in additional strain on the midship port winch – which then also failed.  With two failed portside winches, the vessel rolled to port and pitched forward.  With the vessel pitched forward, the stern sling/straps slipped off – causing the vessel to pitch back and then fall.  In this fall, the other

Complaint of Neil Moore & Jacob Eager
*Moore et al v. City of Cordova*                                            Page 4 of 8

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

1    slings/straps slipped off the vessel and the vessel fell out of the City's Travel Lift.

2        24.    As a result of the fall, the COPPER STAR sustained physical damage, required

3    multiple inspections and surveys, and required repair before it was prudent to operate the vessel

4    as a tender in the waters of Prince William Sound.

5                    **GENERAL MARITIME LAW CLAIMS FOR NEGLIGENCE**

6        25.    Plaintiffs hereby reallege and incorporate Paragraphs 1- 24.

7        26.    As the employer of the individuals responsible for maintaining, working with, and

8    operating the Travel Lift, Defendant is legally responsible for the acts of these individuals under

9    the doctrine of *respondeat superior*.

10       27.    Having agreed to lift the COPPER STAR from the water, Defendant owed the

11   owner of the COPPER STAR and plaintiffs a duty to, without limit 1) assure the Travel Lift

12   worked as intended; 2) assure the Travel Lift was properly and timely inspected and maintained;

13   3) assure the Travel Lift was properly operated at all times; and 4) act in a reasonable manner

14   under all circumstances with respect to services offered to the public – including when lifting

15   vessels from the water.

16       28.    Defendant breached its duties by, without limit,

17           a.    Failing to properly inspect and maintain the Travel Lift and all its parts,

18               including the Lift's winches;

19           b.    Failing to properly train the Travel Lift crew and operator on what to do in

20               the event a winch and/or winch brake fails during a lift attempt;

21           c.    Failing to inspect the port bow winch after it temporarily

22               failed/malfunctioned during the first lift attempt;

23           d.    Continuing to use the Travel Lift after the port bow winch and winch

24   Complaint of Neil Moore & Jacob Eager
     *Moore et al v. City of Cordova*                                    Page 5 of 8
25

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

1    brake had temporarily failed/malfunctioned during the first lift attempt;

2         e.        Failing to have in place appropriate safety policies, practices and

3                   procedures regarding lift operations; and

4         f.        Dropping and damaging the COPPER STAR.

5         29.      Defendant's breach of duties owed plaintiffs were the legal and proximate cause

6    of Plaintiffs' injuries, which include without limit, lost income and other special damages.

7         30.      Plaintiffs were not comparatively at fault for the damage caused to the COPPER

8    STAR or their lost wages and other special damages.

9                          **ALTERNATIVE STATE LAW CLAIMS FOR NEGLIGENCE**

10        31.      Plaintiff hereby realleges and incorporates Paragraphs 1-30.

11        32.      Consistent with the pleadings and claims above, Plaintiffs contend their

12   negligence claims involve a vessel on navigable waters engaged in traditional maritime activity

13   such that their claims are governed by the General Maritime Law of the United States. If

14   determined otherwise, out of an abundance of caution, Plaintiffs allege the following alternative

15   claims for negligence against Defendant under Alaska state law.

16        33.      As the employer of the individuals responsible for maintaining, working with, and

17   operating the Travel Lift, Defendant is legally responsible for the acts of these individuals under

18   the doctrine of *respondeat superior*.

19        34.      Having agreed to lift the COPPER STAR from the water, Defendant owed the

20   owner of the COPPER STAR and plaintiffs a duty to, without limit, 1) assure the Travel Lift

21   worked as intended; 2) assure the Travel Lift was properly and timely inspected and maintained;

22   3) assure the Travel Lift was properly operated at all times; and 4) act in a reasonable manner

23   under all circumstances with respect to services offered to the public – including when lifting

24   Complaint of Neil Moore & Jacob Eager
     *Moore et al v. City of Cordova*                                                    Page 6 of 8

25

vessels from the water.

35.    Defendant, without limit, breached its duty by:

    a.     Failing to properly inspect and maintain the Travel Lift and all its parts, including the Lift's winches;

    b.     Failing to properly train the Travel Lift crew and operator on what to do in the event a winch and/or winch brake fails during a lift attempt;

    c.     Failing to inspect the port bow winch after it temporarily failed/malfunctioned during the first lift attempt;

    d.     Continuing to use the Travel Lift after the port bow winch and winch brake had temporarily failed/malfunctioned during the first lift attempt;

    e.     Failing to have in place appropriate safety policies, practices and procedures regarding lift operations; and

    f.     Dropping and damaging the COPPER STAR.

36.    Defendant's breach of duties owed Plaintiffs were the legal and proximate cause of Plaintiffs' injuries, which include without limit, lost income and other special damages.

37.    Plaintiffs were not comparatively at fault for the damage caused to the COPPER STAR or their lost wages and other special damages.

**WHEREFORE,** Plaintiffs pray that this Court hear their just cause of action, require Defendant to answer their just cause of action, and award judgment against Defendant as follows:

1.    That Plaintiffs be awarded compensatory damages for their respective lost wages and other special damages against Defendant, jointly and severally, in a sum fully determined at trial.

Complaint of Neil Moore & Jacob Eager
*Moore et al v. City of Cordova*　　　　　　　　　　　　　　　　　　　　Page 7 of 8

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

1    2.    That Plaintiffs be awarded attorney's fees, prejudgment interest, post-judgment

2    interest, and costs.

3    3.    That Plaintiffs be awarded any other relief and just compensation in law or in

4    equity to which Plaintiffs are entitled.

5    DATED this 12th day of August, 2025.

6    TRUEB BERNE & BEARD, LLP
     Attorneys for Plaintiff

7

8    By: s/ Lanning M. Trueb
         Lanning M. Trueb, ABA No. 8911083

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Complaint of Neil Moore & Jacob Eager
     *Moore et al v. City of Cordova*                               Page 8 of 8
25